IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VARUN SHAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4834-D |
| VS. | § | |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| SCHOOL, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Varun Shah ("Shah"), who was dismissed from medical school, seeks a preliminary injunction requiring defendant University of Texas Southwestern Medical Center[1] ("UT Southwestern") to reinstate him as a medical student and to remove any notations of accusations, findings, or sanctions from his transcript. Concluding that Shah has failed to prove that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted, the court denies the motion.[2]

---

[1]In the caption and body of his complaint, and in his motion for preliminary injunction, plaintiff refers to UT Southwestern as "University of Texas Southwestern Medical School." *See, e.g.,* Compl. 1. In their response, defendants refer to UT Southwestern as "University of Texas Southwestern Medical Center." Ds. Br. 1. The court will refer to UT Southwestern by the name used in the response brief.

[2]The court is deciding plaintiff's preliminary injunction motion on the papers, without conducting an evidentiary hearing, as permitted by Fed. R. Civ. P. 43(c). *See, e.g., Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB,* 390 F.Supp.2d 532, 533 n.1 (N.D. Tex. 2005) (Fitzwater, J.) (addressing former Rule 43(e)), *aff'd,* 189 Fed. Appx. 965 (Fed. Cir. 2006). Pursuant to Rule 52(a), the court sets out its findings of fact and conclusions of

I

Shah was a medical student at UT Southwestern before he was dismissed.  He successfully completed the first two years of his medical school education and completed several third-year rotations, including his first internal medicine rotation.  In February 2013 Shah began his second internal medicine rotation.  Belinda Vicioso, M.D. ("Dr. Vicioso"), a UT Southwestern professor, was in charge of the first part of this rotation, which lasted until March 8, 2013.  Although Shah received many positive reviews and feedback from physicians during this part of the rotation, Dr. Vicioso gave Shah the lowest grades possible for his history and physical examination skills and the second lowest grade possible for his professionalism/interpersonal skills.  She stated: "communication and misses innuendos or subtle actions," and that Shah was "resistant or defensive in accepting criticism . . . .  Not always comfortable interacting with others."  P. Mot. Prelim. Inj. 3.  Shah alleges that these comments were not based upon his performance during the rotation, but were instead predicated on personal animus that Dr. Vicioso harbored toward him due to his disability—Attention Deficit Hyperactivity Disorder ("ADHD")—and his ethnicity.  Dr. Vicioso gave Shah a failing grade and filed a professionalism complaint with the Student Promotions Committee ("SPC").

The next section of Shah's internal medicine rotation was under Tara Duval, M.D. ("Dr. Duval"), a UT Southwestern assistant professor.  Dr. Duval also gave Shah a failing

_____

law in this memorandum opinion and order.

grade, allegedly for "professionalism issues." *Id.* at 4.  Shah posits that the basis for the failing grade that Dr. Duval gave him was predetermined, was made without regard for his performance in the rotation, and was based instead purely on the fact that Dr. Vicioso had given Shah a low grade.

After Drs. Duval and Vicioso submitted their assessments, Amit Shah, M.D. ("Dr. Shah"), a UT Southwestern associate professor, wrote a letter to the SPC in support of the assessments that Drs. Vicioso and Duval had made.  Dr. Shah recommended that Shah be removed from medical school.  Shah alleges that Dr. Shah's statements were not based on any facts but were made to appease his departmental superior, Dr. Vicioso, and to conceal the fact that his departmental junior, Dr. Duval, had submitted an arbitrary and capricious report to the SPC regarding Shah.

As a result of the comments from Drs. Vicioso, Duval, and Shah regarding their concerns about Shah's "professionalism," Shah was called before the SPC.  Under school policy, after a student has three admonishments for lack of professionalism, the SPC will meet to discuss these concerns.  Shortly after the SPC meeting, Shah was informed that he was being dismissed from UT Southwestern for lack of professionalism.  Shah alleges that this decision was in direct violation of the UT Southwestern school catalog.  He maintains for several reasons that he clearly did not meet the standard for dismissal, and that he never received any criticisms about his professionalism during his clinical years other than those of Drs. Vicioso, Duval, and Shah.

Shah appealed the SPC decision.  He asserted that he suffered from longstanding

ADHD that he had been managing well, but, due to changes in his medication and outside stressors, the symptoms of his condition presented themselves during his internal medicine rotation; that his ability to organize and stay on task was affected by both his ADHD and his medication; and that he would take specific counseling for his ADHD to deal with these issues and other problems related to ADHD. Shah's appeal was denied, allegedly without regard for his ADHD "or the fact that any perceived 'professionalism' allegations were manifestations of his disability." P. Mot. 8. Shah filed a final appeal, but Charles Ginsburg, M.D. ("Dr. Ginsburg"), the UT Southwestern Senior Associate Dean, denied Shah's appeal without explanation.

On December 11, 2013 Shah brought this lawsuit against UT Southwestern, Dr. Vicioso, in her individual capacity, Dr. Duval, in her individual capacity, Dr. Ginsburg, in his individual capacity, and Dr. Shah, in his individual capacity.[3] Shah asserts claims under 42 U.S.C. § 1983; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; and for breach of contract and intentional infliction of emotional distress under Texas law. On May 28, 2014 Shah moved for a preliminary injunction. Defendants oppose Shah's motion. Briefing is now complete, and the motion is ripe for determination.

---

[3]He also named as defendants Does I through X, who are unknown to Shah but who he alleges "are responsible in some manner for the events and happenings referred to in [the complaint] and proximately caused damages to [Shah]." Compl. ¶ 8.

II

To obtain a preliminary injunction, Shah must establish the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to defendants; and (4) that granting the preliminary injunction will not disserve the public interest. *E.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision). Shah must satisfy all four requirements. "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). "The decision to grant a preliminary injunction 'is to be treated as the exception rather than the rule.'" *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (stating that movant must "clearly carr[y] the burden of persuasion")). "'The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried [his] burden.'" *John Crane Prod. Solutions, Inc. v. R2R & D, LLC*, 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *TGI Friday's, Inc. v. Great Nw. Rest., Inc.*, 652 F.Supp.2d 763, 767 (N.D. Tex. 2009) (Fitzwater, C.J.)). In addition, mandatory preliminary relief, such as Shah seeks, "which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."

*Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (citations omitted).

### III

The court need only decide whether Shah has proved a substantial threat that he will suffer irreparable injury if the injunction is not granted.

### A

In support of his motion, Shah argues, *inter alia*, that the harm UT Southwestern has caused is immediate and irreparable.  He contends that, if an injunction does not issue immediately, he will be prevented from attending classes at UT Southwestern, and his ability to attend medical school or to enter the medical profession as a physician will be effectively destroyed if notations of his "unprofessionalism" and dismissal are not removed from his transcript.  Shah argues that injunctive relief is immediately necessary because any further delay in reentering UT Southwestern will set him back in his studies and rotations, will put him at a great disadvantage to the rest of his classmates who do not have a gap in their medical school education, and will cause delay in his ability to complete the requirements to begin practicing as a physician.

Defendants respond that Shah's delay of nearly one year in seeking injunctive relief indicates that his alleged injury is neither immediate nor irreparable.  They maintain that Shah has already missed an entire academic year, and that he does not allege that any irreparable harm has occurred based on his absence from the program during that time. Defendants contend that, even if Shah were to re-enroll at UT Southwestern today, he would still have an approximately 13-month gap in his medical school education and would be

required to disclose and explain that absence from medical school to licensing bodies, medical boards, institutions, and employers. Defendants assert that Shah has provided no justification for why additional time away from school will impose an injury on him that is more severe than the time he has already been absent. In other words, they posit that Shah has not identified any possible irreparable injury that would be avoided by compelling his enrollment in the current academic year rather than at a later date if his suit is successful and he ultimately obtains injunctive relief. Shah does not address defendants' arguments regarding the threat of irreparable injury in his reply.[4]

## B

"Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the *irreparability* that counts for purposes of a preliminary injunction." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (citations and internal quotation marks omitted). "It is thus well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'" *Id*. (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)).

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of

---

[4]He does, however, argue in his reply that defendants' response brief should be stricken because it exceeds 25 pages in length, in violation of N.D. Tex. Civ. R. 7.2(c). The court's May 27, 2014 preliminary injunction scheduling order, however, enlarges the briefing limitations for both sides. The court therefore declines to strike defendants' brief.

irreparable harm.

*Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

C

Shah has not proved a substantial threat of irreparable injury on the basis that further delay in reentering UT Southwestern will set him back in his studies and rotations and delay his ability to complete the requirements necessary to begin practicing as a physician.  Injuries flowing from such delays can be compensated through monetary relief.

Nor has Shah proved a substantial threat of irreparable injury on the basis of notations on his transcript of his "unprofessionalism" and dismissal from medical school.  Shah has not demonstrated that, if he prevails in this lawsuit, he cannot obtain corrective relief in the final judgment that mandates that his transcript be revised accordingly.

Finally, Shah argues that, if he is not immediately reinstated, the gap in his medical school record will place him at a disadvantage compared to other medical students.  But Shah has not proved that he cannot be compensated through monetary relief for any such disadvantage.  And as defendants point out, Shah has already been absent from medical school for over one year, and there will be a gap in his medical school education even if the court grants Shah's preliminary injunction motion and orders him immediately reinstated. Shah has not proved a substantial threat of irreparable injury based on a gap that is longer than the one already reflected in his record.  And he has not demonstrated that, if he is successful on his claims, he will be unable to obtain permanent injunctive relief reinstating

- 8 -

him as a medical student and either expunging his academic record of adverse notations or including court-ordered explanations that have an equivalent effect.

## IV

Because the party seeking a preliminary injunction must carry the burden of persuasion on all four factors, and because Shah has failed to carry his burden of showing a substantial threat that he will suffer irreparable injury if the injunction is not granted, the court need not address the remaining three factors.  *See, e.g., TRAVELHOST, Inc. v. Figg*, 2011 WL 6009096, at *5 (N.D. Tex. Nov. 22, 2011) (Fitzwater, C.J.) (citing *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (per curiam) (affirming denial of preliminary injunctive relief on ground that movant had failed to show irreparable injury, and pretermitting discussion of other three factors)).

*     *     *

Shah's motion for a preliminary injunction is denied.

**SO ORDERED.**

August 21, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 9 -